United States v. Corey Donovan          07-CR-130-SM  11/25/13
                UNITED STATES DISTRICT COURT

                  DISTRICT OF NEW HAMPSHIRE


United States of America

        v.                              Case No. 07-cr-130-01-SM
                                        Opinion No. 2013 DNH 160
Corey Donovan


                        **O R D E R**


     Defendant's latest challenge to his underlying sentence is
in the form of a motion filed in his closed criminal case, styled
as a "Motion for a Review of Sentence and Motion to Amend
Presentence Investigation Report."  United States v. Donovan, No.
07-cr-130-01-SM (document no. 105).  As he seeks relief from his
criminal sentence, the motion is properly construed as one for
relief under the provisions of 28 U.S.C. § 2255.  Trenkler v.
United States, 536 F. 3d 85, 97 (1st Cir. 2008).  As such, it is
also a successive petition filed without prior authorization from
the court of appeals, and it is untimely.


     Although the motion must be denied for those reasons,
perhaps a brief analysis of defendant's claims on the merits may
prove helpful to his understanding of why those claims, even had
they had been properly and timely raised, would not entitle him
to any relief.

Essentially, defendant claims that a state court "vacated" one of his prior convictions, which conviction served to enhance his federal sentencing guideline range, and that he has timely sought relief within one year of that new development.  However, it is clear from the state court records that defendant's prior conviction was not vacated at all, and the motion is without substantive merit, as well as being unauthorized and untimely.

On July 3, 2001, defendant was sentenced in State v. Donovan, No. 01-S-071, to two to four years in the New Hampshire State Prison, all suspended, and consecutive to a two to four year stand committed sentence in a related case, State v. Donovan, No. 01-S-070.  On June 21, 2006, a superior court judge (Houran, J.), brought forward the suspended sentence on motion of prosecutors, and sentenced the defendant to two to four years, all deferred for six months.

On August 25, 2006, a different judge (Hollman, J.) granted a prosecutorial motion to impose the deferred sentence, and he sentenced defendant to two to four years, all suspended, conditioned on defendant serving 12 months in the House of Corrections.  Judge Hollman added two years of probation to defendant's sentence as well, effective upon his release from the House of Corrections.

2

On September 25, 2007, yet another state judge (Fitzgerald, J.) found that defendant had violated the terms of the probation imposed by Judge Hollman, and sentenced him to two and a half to six years, stand committed, with 206 days of pretrial confinement credit.

Subsequently, yet another state judge (McGuire, J.) found, on motion by defendant to vacate his sentence, that the September 25, 2007, sentence imposed for the probation violation was not statutorily authorized. Defendant's original sentence for the offense of conviction was two to four years, all suspended. (He was not placed on probation or otherwise notified that he could later be sentenced up to the maximum term authorized.) Accordingly, the court held that the earlier imposition of a probationary term was not authorized, and, accordingly, the sentence imposed for violating the unauthorized probationary term necessarily had to be vacated. See Order, dated April 14, 2009 (McGuire, J.), State v. Donovan, No. 01-S-071 (Attachment 2 to Defendants' motion (document no. 105).

However, neither the original sentence nor the original conviction was vacated - they both remain valid. So, it also remains true that on February 23, 2007, when defendant committed his underlying federal crime of conviction, he was indeed under a

3

suspended state sentence in Docket No. 01-S-071, and his conviction was properly taken into account in calculating his federal guideline sentencing range.  His motion is without factual or substantive merit.

And, the "vacation" that he refers to - the order dated April 14, 2009, in Docket No. 01-S-071, was entered more than a year before he filed his (first) motion for Section 2255[1] relief (May 25, 2010), rendering the motion untimely in any event under 28 U.S.C. § 2255(f)(4).  Defendant mistakenly thinks the court of appeals held that he had until June 19, 2009, to seek habeas relief, on grounds that the facts giving rise to his claims (the alleged "vacation" of his state conviction) could not have been discovered until then through the exercise of due diligence.  Actually, the court of appeals noted that he had one year from March 25, 2009, to file, and, at the latest, the date on which the facts supporting his claim or claims presented could have been discovered through the exercise of due diligence was June 19, 2009, when defendant first sent a letter to this court mentioning the supposedly vacated conviction.  See Judgment dated February 24, 2011, Donovan v. United States, No. 10-2180, United States Court of Appeals for the First Circuit.  In fact,

---

[1]  See Document No. 97 in this closed criminal case, and Donovan v. United States, No. 10-cv-390-SM.

4

defendant, through the exercise of due diligence could of course have discovered the alleged vacation of his state conviction within days of the state court's April 14, 2009, order, and certainly well before May 25, 2009, so, his first petition <u>was</u> untimely - but at this point that issue is a matter that must be revisited, if at all, by the court of appeals. Timeliness is not a critical issue, however, given the fundamental mistake of fact underlying defendant's claim - his state conviction and sentence was <u>not</u> vacated by the state court, and it was properly considered in determining his federal guideline sentencing range.

## Conclusion

The Motion for a Review of Sentence and Motion to Amend Presentence Investigation Report (document no. 105) is DENIED. Defendant's Motion for Clarification and Reconsideration (document no. 104) is also DENIED.


**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 25, 2013

cc:  Terry L. Ollila, AUSA
     Liam D. Scully, Esq.
     Corey Donovan, pro se

5